UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARYL TEBLUM,
individually and on behalf of all
others similarly situated,

      Plaintiffs,

v.                                                                    Case No.:   2:19-cv-403-SPC-MRM

PHYSICIAN COMPASSIONATE CARE LLC
d/b/a DOCMJ,

      Defendants.

_____/

## **ORDER**

Pending before the Court is Plaintiff's Motion of Leave to Amend Complaint and

Incorporated Memorandum of Law, filed on September 23, 2019.  (Doc. 25).  On October 9,

2019, Defendant filed a response opposing the requested relief.  (Doc. 29).  For the reasons set

forth below, the Court **GRANTS** Plaintiff's request for leave to amend his Complaint.

## **BACKROUND**

On June 14, 2019, Plaintiff filed this putative class action alleging Defendant violated the

Telephone Consumer Protection Act ("TCPA") by contacting him via text message using an

automatic telephone dialing system" ("ATDS") without his express written consent as required

by law.  (Doc. 1 at 1, 4, 7).  On July 25, 2019, Defendant filed a Motion to Stay the proceedings

"pending a forthcoming ruling from the Federal Communications Commission ("FCC")

clarifying the definition of what constitutes an "automatic telephone dialing system" ("ATDS")

under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227."  (Doc. 16 at 1).  On

July 26, 2019, this Court declined to issue a general stay of the proceedings, and instead ordered

discovery stayed for a period of 90 days.  (Doc. 17).  The Court stated that after the period of 90

days, Defendant could renew its motion to extend the stay if appropriate.  (*Id.*).  On September

17, 2019, Defendant filed a Motion for Judgment on the Pleadings.  (Doc. 24).  Defendant argues

that pursuant to the recent Eleventh Circuit decision dated August 28, 2019, in *Salcedo v. Hanna*

Plaintiff "has not—and cannot—establish Article III standing sufficient to maintain this putative

class action arising under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et

seq. against Defendant [ ] for sending Teblum a single text message."  (Doc. 24 at 1 (citing 936

F.3d 1162 (11th Cir. 2019)).

In light of the Court's decision in *Salcedo*, Plaintiff filed the instant motion, requesting

leave to amend his Complaint, which according to Plaintiff "set forth qualitive factors relevant to

the analysis of plaintiff's standing to pursue a TCPA claim based on the receipt of a single text

message."  (Doc. 25 at 2).

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading is

served, "a party may amend its pleading only with the opposing party's written consent or the

court's leave.  The Court should freely give leave when justice so requires."  The decision

whether to permit an amendment is within the sound discretion of the court.  *Foman v. Davis*,

371 U.S. 178, 182 (1962).  However, the Supreme Court has held that the words "leave shall be

freely given" must be heeded.  *Id*.  Consequently, the Court must find a justifiable reason to deny

a request for leave to amend.  *Id*.  "[T]he Supreme Court indicated that a court should deny leave

to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party,

(2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment

would be futile."  *Taylor v. Florida State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995)

(citing *Foman*, 371 U.S. at 182); *see also Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1217

(11th Cir. 2004).  In order to properly request leave to amend, the Eleventh Circuit has held that

"a motion must 'set forth the substance of the proposed amendment or attach a copy of the

proposed amendment.'"  *Sure Fill & Seal, Inc. v. GFF, Inc.*, No. 8:08-cv-882-T-17-TGW, 2009

WL 1751726, at *2 (M.D. Fla. June 17, 2009) (quoting *Doe v. Pryor*, 344 F.3d 1282, 1288 (11th

Cir. 2003)).  Against this backdrop, the Court considers the parties' arguments below.

## THE PARTIES' ARGUMENTS

Plaintiff first argues:

> This is Plaintiff's first request for leave to amend its Complaint,
> made as soon as reasonably possible based on the history of this
> matter and after the ruling in *Salcedo*.  Accordingly, there can be no
> reasonable contention that leave to amend should be denied by
> reason of undue delay, bad faith, dilatory motive, repeated failure to
> cure deficiencies in amendments previously allowed, or undue
> prejudice.

(Doc. 25 at 3).

Plaintiff further argues that his request is not futile because, "*Salcedo* does not stand for

the blanket proposition that there is never standing for a text message TCPA matter."  (*Id*.).

Instead, Plaintiff argues, *Salcedo* was a narrow decision that does not preclude Plaintiff's

standing in this case.  (*Id*. at 3).  To that effect, Plaintiff points out that the Eleventh Circuit

stated in *Salcedo* that "[t]here is no minimum quantitative limit required to show injury; rather,

the focus is on the qualitative nature of the injury, regardless of how small the injury may be."

(*Id*. at 3(citing 936 F.3d at 1173)).  Plaintiff also argues his allegations are materially different

than those in *Salcedo* because, *inter alia*, he alleges he was sent two text messages by Defendant

and his allegations show actual harm, extreme aggravation, wasted time, and the need to retain

counsel.  (*Id*. at 4-5).

Plaintiff argues Defendant's contention that Plaintiff had the facts necessary to properly allege Article III standing when Plaintiff filed his Complaint on June 14, 2019 is incorrect. (*Id.* at 6; *see* Doc. 24 at 11). Plaintiff contends that prior to *Salcedo*, the alleged unsolicited receipt of an unwanted text message had been sufficient to find standing. (*Id.* at 6). Further, Plaintiff states, he has been diligent in moving to amend his Complaint in light of the Eleventh Circuit's decision in *Salcedo.* (*Id.* at 7). Finally, because Defendant notes in its motion for judgment on the pleadings that "that any dismissal would be without prejudice," Plaintiff states he would simply refile his suit with the additional allegations, which, according to Plaintiff, "would lead to an unnecessary waste of judicial resources and supports granting leave to amend." (*Id.* at 7; *see* Doc. 24 at 12).

In response Defendant argues Plaintiff's motion "is a little more than a futile, transparent attempt to avoid Defendants Motion for Judgment on the Pleadings, based on Teblum's lack of Article III standing to assert a Telephone Consumer Protection Act ('TCPA') claim following his alleged receipt of a single text message." (Doc. 29 at 1). Defendant argues, even considering the new allegations, Plaintiff does not substantiate injury in this case and, therefore, leave to Amend should be denied because the amendment would be futile. (*Id.* at 2). Defendant also maintains that Plaintiff was in possession of the additional allegations in the proposed Amended Complaint when he filed his original Complaint and, therefore, it argues that Plaintiff is attempting to "plead around the requirements in *Salcedo*." (*Id.* at 3). Defendant also disagrees that when Plaintiff filed his Complaint, he had established standing under the law prior to the Eleventh Circuit's decision in *Salcedo*. (*Id.* at 8). Still, Defendant emphasizes the appropriate question is, given the current state of law, post-*Salcedo*, whether Plaintiff's allegations are enough to establish injury. (*Id.* at 9).

Moreover, Defendant cites this Court's decision in *Williams v. Bay Area Credit Serv., LLC*, to deny a plaintiff leave to amend his complaint to add allegations regarding Defendant's conduct in a TCPA action, because in part, the plaintiff had filed his motion to amend in order to avoid a motion for judgment on the pleadings. (*See id*. at 11 (citing No. 8:13-cv-2278-T-24 TBM, 2014 WL 3644502 at *1 (M.D. Fla. July. 23, 2014)). Defendant also argues that Plaintiff was not diligent in filing his motion because he waited eighteen (18) days after learning about the *Salcedo* decision to file. (*Id*. at 13). Finally, Defendant contends that Plaintiff's assertion that any dismissal would be without prejudice is "patently incorrect" because:

> What [Defendant] was referring to in its JoP Motion, was how the *Salcedo* court was restrained to dismiss Salcedo's amended complaint "without prejudice" because it was a "jurisdictional dismissal" based on a motion to dismiss. Here, however, the procedural posture is quite different. Here, [Defendant] is seeking an entry of judgement on its affirmative defense(s) of standing and lack of injury—the effect of which would be to enter judgment for [Defendant], thereby terminating this action.

(*Id*. (internal citations removed)).

Therefore, Defendant argues that this Court should deny Plaintiff leave to amend. (*Id*.).

## ANALYSIS

As a preliminary matter, the Court notes that Plaintiff filed a notice of supplemental authority on January 24, 2020, attaching the recently amended Pallone-Thune TRACED Act. (*See* Doc. 35-1). Plaintiff argues in light of the amendment to Section 227 of the Communications Act of 1934 and the Eleventh Circuit's decision in *Cordoba v. DIRECTTV, LLC*, that *Salcedo* is no longer applicable in this case. (*Id*. at 2). In support Plaintiff states,

> In *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019), which was decided on August 28, 2019 and on which Defendant primarily relies for its opposition to Plaintiff's Motion for Leave, the Eleventh Circuit stated: "The TCPA is completely silent on the subject of unsolicited text messages." The Pallone-Thune TRACED Act

5

> became effective on December 30, 2019 and the TCPA is no longer silent on the subject of unsolicited text messages. Therefore, the Eleventh Circuit's reasoning and holding in *Salcedo* is no longer applicable and *Cordoba v. DIRECTV, LLC controls*.

(*Id*. at 2).

Defendant filed a response to this supplemental authority and argued that the information Plaintiff provides "has no bearing on the central issue presented by the Motion to Amend—*i.e.,* [Plaintiff's] lack of Art III standing under the [TCPA] based on his receipt of a single text message." (Doc. 36 at 1). Defendant also argues that the contention that the standing analysis should be controlled by *Cordoba* is nonsensical because, for one, the Court in *Cordoba* again affirmed that Congress cannot establish standing by providing a right to sue. (*Id*. at 4). Moreover, Defendant points out while the TRACED Act was passed on December 30, 2019, *Cordoba* was decided on November 15, 2019, and, therefore, Defendant states, "there is simply no reason to apply *Cordoba* over *Salcedo* based solely on when each was decided." (*Id*. at n.1).

The Court finds that the TRACED Act does not alter the standing analysis because the exercise of the court's jurisdiction falls within the Constitutional grant of judicial power. *See Salcedo* 936 F.3d at 1166. The Court also agrees with Defendant that the Eleventh Circuit's decision in *Cordoba* does not contradict the Court's holding in *Salcedo*. The Court in *Cordoba* focused on standing as it applied to the receipt of unsolicited *phone calls* from the Defendant. *Cordoba*, 942 F.3d at 1266. The Court specifically stated that:

> This Court's recent decision in *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019), that the receipt of a single unsolicited text message does not qualify as an injury in fact does not change our analysis. In *Salcedo*, we focused heavily on the *unique features of text messages*.

*Id*. at 1270 (emphasis added).

Therefore, the Court finds the Eleventh Circuit's holding in *Cordoba* does not undermine the analysis in *Salcedo* for establishing standing for an unsolicited *text message*.

Further, the question of whether Plaintiff established standing in his Complaint under the law prior to *Salcedo* is irrelevant.  The question here is, whether Plaintiff has set forth sufficient facts to establish standing under Article III given the Eleventh Circuit's decision in *Salcedo*.  Therefore, the Court will first turn to Defendant's argument that Plaintiff lacked diligence in bringing this motion, after which the Court will look to whether the Complaint as amended would be futile in light of *Salcedo*.

Defendant argues under this Court's decision in *Williams* Plaintiff has not demonstrated the necessary diligence in bringing this motion.  (Doc. 29 at 11).  However, this argument fails for several reasons.  First, this Court's decision in *Williams* is not binding on this Court.  *See* No. 8:13-cv-2278-T-24 TBM, 2014 WL 3644502 at *1 (M.D. Fla. July. 23, 2014).  Additionally, the cases are distinguishable.

In *Williams*, the plaintiff filed his motion for leave to amend at least five months after the amendment deadline, therefore, this Court applied the higher good cause standard in order to determine whether to allow the amendment.  *See id*.; *see also Gonzales v. Pasco Cnty. Bd. of Cnty. Comm'rs*, 2013 WL 179948, at *9 (M.D. Fla.2013) ("[T]he key to establishing good cause for an untimely amendment is demonstrating diligence.").  However, here, Plaintiff moved to amend his complaint on September 23, 2019, well before the amendment deadline of February 12, 2020.  (*See* Doc. 25; Doc. 22 at 1).  Therefore, it is unnecessary to hold Plaintiff to the same "good cause" standard as this Court did in *Williams*.

Even so, the Court in *Williams* found the plaintiff to have lacked diligence in bringing his motion *because* the motion was filed for the *specific purpose* of "avoid[ing] an impending judgment on the pleadings."  *Id*. at *1.  Here, the docket shows both parties had been anticipating a change in law that would impact Plaintiff's action.  Further, the contention that Plaintiff filed

this action in response to the pending motion for judgment on the pleadings is undermined by the

facts in this case.  According to Plaintiff, "on September 13, 2019, Plaintiff requested

Defendant's position regarding his motion for leave to amend.  On September 17, 2019, at 3:37

PM EST, Defendant responded that it opposed Plaintiff's motion.  A minute later, Defendant

filed its Motion, which included a section about why leave to amend should be denied."  (Doc.

25 at 7).  Hence, it appears Plaintiff contemplated the filing of the motion for leave to amend

prior to Defendant's filing of its motion for judgment on the pleadings.  Therefore, unlike

*Williams*, the Court does not find Plaintiff lacked diligence in filing the instant motion.

Defendant's further complaint that Plaintiff waited eighteen (18) days after the *Salcedo* decision

to file his motion is similarly unpersuasive.  (*See* Doc. 29 at 13).

Because the Court finds Plaintiff did not lack diligence in filing his motion, the Court will

turn to Defendant's second argument.  At base, Defendant argues Plaintiff does not allege an

injury in fact necessary to have standing to bring this action.  (Doc. 29 at 1).  Therefore, the

Court will look to *Salcedo* and similarly analyze whether the allegations in Plaintiff's proposed

Amended Complaint establishes a concrete injury or whether it is futile as amended.

In *Salcedo*, the Eleventh Circuit reversed the decision of the district court that had denied

a motion to dismiss based on the finding that the receipt of one unsolicited text message

established standing in a TCPA action.  *See* 936 F.3d at 1165.  The Court rejected the Ninth

Circuit's conclusion that "Congress identified unsolicited contact as a concrete harm."  *Id*. at

1170.  (citing *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d, 1037, 1043 (9th Cir. 2017)).

Instead, in evaluating the plaintiff's standing, the Court considered the particular allegations in

light of "statute, precedent, history and judgment of Congress."  *Id*. at 1173.

Because the Court found that Congress has been silent on the TCPA's provision about

harms created by telemarketing via text message, the Court looked to legislative findings and

noted that:

> Congress's legislative findings about telemarketing suggest that the
> receipt of a single text message is qualitatively different from the
> kinds of things Congress was concerned about when it enacted the
> TCPA.  In particular, the findings in the TCPA show a concern for
> privacy within the sanctity of the home that do not necessarily apply
> to text messaging.

*Id*.

The Court also considered the judgment of Congress and, again, reiterated Congress's

concern about the "intrusive invasion[s] of privacy into the home when it enacted the TCPA."

*Id*. at 1170 (internal citations removed).

The *Salcedo* Court noted the plaintiff did not allege that he was at home when he

received the unsolicited message, nor did he allege sufficient facts to otherwise show standing.

*See id.*  Therefore, the Court found he failed to show the degree of harm necessary to show

standing.  *Id*. at 1171.  The Court explained:

> Salcedo has not alleged anything like enjoying dinner at home with
> his family and having the domestic peace shattered by the ringing of
> the telephone.  Nor has he alleged that his cell phone was searched,
> dispossessed, or seized for any length of time.  Salcedo's allegations
> of a brief, inconsequential annoyance are categorically distinct from
> those kinds of real but intangible harms.  The chirp, buzz, or blink
> of a cell phone receiving a single text message is more akin to
> walking down a busy sidewalk and having a flyer briefly waived in
> one's face.  Annoying, perhaps, but not a basis for invoking the
> jurisdiction of the federal courts.

*Id*. at 1172.

However, the Court went on the emphasize that the proper focus was on the qualitative

nature of the alleged injury, explaining "[t]o be clear, we are not attempting to measure how

small or large Salcedo's alleged injury is. There is no minimum quantitative limit required to show injury; rather, the focus is on the qualitative nature of the injury, regardless of how small the injury may be." *Id*. The *Salcedo* Court also noted that wasted time can create a concrete injury to establish standing, but that precedent strongly suggests that "concrete harm from wasted time requires, at the very least, more than a few seconds." *Id*. at 1173.

As it applies here, it appears *Salcedo* was a narrow holding focusing on the particular allegations set forth by the plaintiff in that case. *See id*. at 1174 (J. Pryor concurring) ("I write separately to emphasize my understanding that the majority's holding is narrow and the conclusion that Salcedo lacks standing is driven by the allegations in his complaint that Hanna sent him only one text message."). Contrary to Defendant's argument, the Court finds the Eleventh Circuit's decision in *Salcedo* does not necessarily make Plaintiff's proposed Amended Complaint futile.

In *Salcedo*, the Court was particularly concerned about the harm created by an invasion of privacy that intrudes on the sanctity of the home. *See id*. at 1167, 1170. Indeed, the Plaintiff in *Salcedo* did not allege any harm that would relate to the particular concern of the invasion into the privacy or sanctity of the home. Here, in contrast, it appears the allegations set forth in Plaintiff's proposed Amended Complaint implicate the concerns contemplated by the *Salcedo* Court relating to privacy interests. In his proposed Amended Complaint, Plaintiff alleges he is "the primary caretaker for his children and he received the text message while he was in the process of picking up his children from school which caused him extreme aggravation." (Doc. 25-1 at 8). Accordingly, the fact that Plaintiff was in the middle of picking his children up from school relates to the concern of an interference of domestic peace.

10

Further, the *Salcedo* Court noted that wasted time could create concrete injury to establish standing.  936 F.3d at 1173.  Here, Plaintiff alleges he wasted "at least ten seconds reviewing Defendant's unwanted text message" as well as time "responding 'STOP' to the message so that he would no longer receive messages from Defendant" and, "[a]fter he replied 'STOP,' Plaintiff received another message confirming that he would no longer be contacted. He spent additional time reviewing this reply."  (Doc. 25-1 at 8).  Plaintiff's allegations, taken as true, display that he wasted sufficient time to create a concrete harm.  *See Salcedo*, 936 F.3d at 1173.

The Court finds that the allegations set forth in Plaintiff's proposed Amended Complaint are not necessarily futile.  In any case, such arguments are more appropriately raised on a timely motion to dismiss the next iteration of the complaint.  For all of these reasons, the Court finds no justifiable reason to deny Plaintiff's leave to amend his Amended Complaint.

### CONCLUSION

Accordingly, the Court **ORDERS**:

1.  Plaintiff's Motion for Leave to Amend Complaint and Incorporated Memorandum of Law (Doc. 25) is **GRANTED**;

2.  The Clerk of Court is directed to file the First Class Action Amended Complaint (Doc. 25-1) as a new and separate docket entry; and

3.  **No later than April 26, 2020**, Plaintiff must properly serve Defendant with the Amended Complaint, if required.

**DONE AND ORDERED** in Fort Myers, Florida on March 25, 2020.

_____

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties