UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARYL TEBLUM, individually and
on behalf of all others similarly
situated,

    Plaintiff,

v.                                                   Case No.:  2:19-cv-403-FtM-38MRM

PHYSICIAN COMPASSIONATE
CARE LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 49), filed on June 5, 2020.  For the reasons explained herein, the Undersigned recommends that Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 49) be **GRANTED IN PART** and **DENIED IN PART**.

    **I.**    **Background**

On June 14, 2019, Plaintiff Daryl Teblum brought the current action for alleged violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 *et seq*. as a class action on behalf of himself and all others similarly situated under Fed. R. Civ. P. 23.  (*See generally* Doc. 1).  Defendant Physician Compassionate Care LLC, doing business as DocMJ, filed an Answer, denying all liability (Doc. 18) on July 30, 2019, and Defendant's Motion for Judgment on the Pleadings (Doc. 24) on

September 17, 2019. With leave of the Court, Plaintiff filed a First Amended Complaint (Doc. 38) on March 26, 2020.

Plaintiff's First Amended Complaint alleges that Defendant caused an automated text message to be sent to Plaintiff and other individuals' cellular telephones to promote Defendant's business, goods, and services. (Doc. 38 at 4-5). Plaintiff alleges that Defendant used an automated telephone dialing system without express written consent and while Plaintiff was listed on the National Do Not Call Registry. (*Id.* at 6-8). Ultimately, Plaintiff alleges that Defendant's behavior violated the TCPA. (*Id.* at 12). As noted above, Defendant denied all liability. (*See* Doc. 18).

On July 26, 2019, the Court stayed discovery, (*see* Doc. 17), and the limited stay remained in effect through April 21, 2020, (*see* Docs. 31, 34). The parties began negotiation a class settlement on April 27, 2020, and reached a settlement on May 19, 2020. (Doc. 49 at 3). The executed proposed Settlement Agreement is attached as an exhibit to the motion *sub judice*. (*See* Doc. 49-1 at 53-64).

For settlement purposes only, Defendant stipulates to the certification of a Rule 23 settlement class defined as

> [a]ll persons within the United States who (1) were sent a text message; (2) by or on behalf of Defendant; (3) on their mobile telephone; (4) from June 14, 2015 through the date of final approval; (5) using the text messaging platform provided by Twilio to send text messages like the one Plaintiff received.

(Doc. 49 at 4; Doc. 49-1 at 11). In exchange for the released claims, Defendant agrees to pay Plaintiff and each class member $18.00 "less any Notice and

Administration Costs, Attorneys' Fees and Expenses, and Service Award." (Doc. 49 at 7; Doc. 49-1 at 13).

Plaintiff contends that the "[s]ettlement is exceedingly fair and well within the range of Preliminary Approval." (Doc. 49 at 2). In support, Plaintiff notes that recovery would "otherwise be uncertain, especially given Defendant's ability and willingness to continue its vigorous defense," the settlement was reached "only after extensive negotiations between the [p]arties," and "the [s]ettlement was not conditioned on any amount of attorneys' fees for Class Counsel or Service Award for Plaintiff." (*Id.*). As a result, Plaintiff requests, under Fed. R. Civ. P. 23(e), the entry of an Order of Preliminary Approval approving the class Settlement Agreement. (*Id.* at 20). The proposed order is attached as Exhibit 1 (Doc. 49-3) to the motion.

## II. Discussion

### a. Preliminary Approval of Settlement

Fed. R. Civ. P. 23(e) provides the manner by which class actions may be settled. The Rule provides, in pertinent part:

> The claims, issues, or defenses of a certified class . . . may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> . . .
>
> (1) *Notice to the Class.*
>
> > (A) *Information That Parties Must Provide to the Court.* The parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class.

3

>> (B) *Grounds for a Decision to Give Notice.* The court must direct notice in a reasonable manner to all class members who would be bound by the proposal . . . .
>
> (2) *Approval of the Proposal.* If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate . . . .
>
> (3) *Identifying Agreements.* The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
> (4) *New Opportunity to be Excluded.* If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
>
> (5) *Class-Member Objections.*
>
>> (A) *In General.* Any class member may object to the proposal if it requires court approval under this subdivision (e). The objection may be withdrawn only with the court's approval.

Fed. R. Civ. P. 23(e).

Moreover, final approval of class actions may occur only after class notice and a hearing. *Id.* Getting to final approval, therefore, is a two-step process that includes (1) preliminary approval and (2) a subsequent fairness hearing. *See Holman v. Student Loan Xpress, Inc.*, No. 8:08-cv-305-T23MAP, 2009 WL 4015573, at *4 (M.D. Fla. Nov. 19, 2009).

At the first step, preliminary approval, the Court must "make a preliminary evaluation of the fairness of the settlement before directing that notice be given to the

4

settlement class." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646-CIVCOHNSELTZ, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010) (citation omitted). As this Court has noted, "[p]reliminary approval . . . is the first step in the settlement process. It simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement." *Pierre-Val v. Buccaneers Ltd. P'ship*, No. 8:14-cv-01182-CEH, 2015 WL 3776918, at *1 (M.D. Fla. June 17, 2015). "After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input." *Id.* (citing *Newberg on Class Actions* at § 11.25).

"Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient." *Smith*, 2010 WL 2401149, at *2 (citation omitted). "Preliminary approval of a settlement agreement requires only an 'initial evaluation' of the fairness of the proposed settlement on the basis of the written submissions." *Pierre-Val*, 2015 WL 3776918, at *1 (citing *Clark v. Ecolab, Inc.*, No. 04 CIV. 4488 (PAC), 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009)). Indeed, this Court has stated that "[a] proposed settlement should be preliminarily approved if it is 'within the range of possible approval' or, in other words, [if] there is 'probable cause' to notify the class of the proposed settlement." *Id.* (second alteration in original) (quoting *Fresco v. Auto Data Direct, Inc.*, No. 0361063CIV-MARTINEZ, 2007 WL 2330895, at *4 (S.D. Fla. May 14, 2007)). Thus, "[p]reliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Hanley v. Tampa Bay Sports & Entm't LLC*, No. 8:19-CV-00550-

5

CEH-CPT, 2020 WL 357002, at *3 (M.D. Fla. Jan. 7, 2020) (quoting *Smith*, 2010 WL 2401149, at *2). Accordingly, if the proposed settlement agreement is within the range of possible final settlement approval, then notice to the class is appropriate. *See Pierre-Val*, 2015 WL 3776918, at *2.

Upon consideration of the parties' filings, the Undersigned finds that the proposed Settlement Agreement and Release (Doc. 49-1) is not obviously deficient. *See Smith*, 2010 WL 2401149, at *2. To the contrary, the proposed settlement appears to result from the parties' good-faith negotiations. *See Hanley*, 2020 WL 357002, *3. Moreover, the settlement appears to fall within the range of reason. *See id.* The Undersigned finds, therefore, that notice to the class is appropriate. *See Pierre-Val*, 2015 WL 3776918, at *2.

In reaching this conclusion, the Undersigned gives great weight to the materials submitted by the parties.[1] *See id.* at *1 ("In exercising [their discretion to certify a class], courts should give weight to the parties' consensual decision to settle class action cases, because they and their counsel are in unique positions to assess the potential risks."). For instance, Plaintiff contends that the proposed settlement "was reached only after extensive negotiations between the Parties." (Doc. 49 at 2). Similarly, Plaintiff avers that Class Counsel "conducted a thorough analysis of Plaintiff's claims against Defendant," is familiar with the Twilio platform at issue,

---

[1] Although not a joint motion, the Undersigned notes that Defendant neither opposes the relief sought nor offers any evidence that the statements contained within the motion are false or misleading. (*See* Doc. 49).

and conducted discovery. (*Id.* at 13-14). Likewise, Plaintiff contends that Defendant contests all liability "and has shown a willingness to litigate vigorously." (*Id.* at 12). Moreover, Plaintiff notes that the Settlement Agreement "was not conditioned on any amount of attorneys' fees for Class Counsel or Service Award for Plaintiff." (*Id.* at 2). Finally, the filings show that Plaintiffs' counsel has substantial experience in consumer protection collective actions. (*See* Doc. 49-2 at 6-11). The Undersigned finds the filings stating that the proposed Settlement is fair, reasonable, and adequate highly persuasive at this preliminary stage. *See Pierre-Val*, 2015 WL 3776918, at *2.

Nonetheless, in looking at the gross amount of the proposed award to the prospective class members, $736,542.00, the Undersigned notes that it appears low. Indeed, assuming each of the 40,919 alleged class members were to file one claim, Defendant's liability would range between $0.00, if Defendant prevailed, and $20,459,500. *See* 47 U.S.C.A. § 227(b)(3)(B). Nevertheless, the Undersigned cannot find the amount obviously deficient, nor can the Undersigned find that the settlement falls outside the range of reason. *See Hanley*, 2020 WL 357002, *3. Indeed, this Court has previously noted that only five percent of class members typically submit claims; based on that percentage, Defendant's maximum liability for the 2,046 members would be $1,022,975. *See James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-T-23JSS, 2016 WL 6908118, at *2 (M.D. Fla. Nov. 22, 2016).

Given the seemingly low settlement fund, however, the parties must be prepared to explain why the proposed award to each prospective class member of "$18.00 less any Notice and Administration Costs, Attorneys' Fees and Expenses,

7

and Service Award" is fair before the Court will enter an Order of final approval. (Doc. 49 at 7; *see also* Doc. 49-1 at 13). The Undersigned notes that, while the parties provided extensive arguments regarding the adequacy of the settlement terms, they provided virtually no explanation as to why $18.00 sufficiently compensates the prospective class members. (*See* Doc. 49 at 12-16). By contrast, the TCPA allows recovery of actual damages or $500, *whichever is greater*. 47 U.S.C.A. § 227 (b)(3)(B) (emphasis added). Ultimately, however, the Court does not have at this time the benefit of seeing all of the evidence and arguments, and the proposed award may, in fact, reflect a fair amount to be paid to the class. Indeed, this Court has previously granted preliminary approval to a TCPA class action settlement award with a potential recovery as low as $3.00 to $5.00. *See James*, 2016 WL 6908118, at *2. In *James*, however, the settlement was a non-reversionary fund in which the class members would receive $50.00 if only the typical five percent of the members submitted claims. *Id.* Accordingly, the Undersigned expects more information to be provided at a fairness hearing.

      Moreover, the Undersigned notes that the case was settled after a limited stay in discovery beginning July 26, 2019, through April 21, 2021. (*See* Docs. 17, 31, 34). The parties must be prepared to explain why the settlement is fair in light of the stage of proceedings when the case was settled before the Court will enter an Order of final approval. While Plaintiff notes that he took two depositions, Plaintiff provides no other information on discovery to satisfy the Court that the decision to settle was fully informed. (*See* Doc. 49 at 13-14). As noted above, however, at this juncture the

8

Court is inclined to "give weight to the parties' consensual decision to settle class action cases." *See Pierre-Val*, 2015 WL 3776918, at *2.

Notwithstanding, the concerns noted above, at this time the Undersigned cannot conclude that the settlement falls outside the range of reason and, therefore, recommends preliminarily approving the proposed settlement. *See Hanley*, 2020 WL 357002, *3.

      **b.**    **Certification of Rule 23 Settlement Class**

While Fed. R. Civ. P. 23(e) allows class actions to be settled, it only permits settlements for certified classes. *See Holman*, 2009 WL 4015573, at *2. Nonetheless, district courts are given discretion to certify a class under Fed. R. Civ. P. 23. *Cooper v. S. Co.*, 390 F.3d 695, 711 (11th Cir. 2004); *see also Pierre-Val*, 2015 WL 3776918, at *1. Using this discretion, this Court has previously permitted provisional certification of "settlement classes" because doing so helps avoid "the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing." *Pierre-Val*, 2015 WL 3776918, at *2 (citing *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 790 (3d Cir. 1995)). Indeed, this Court has provisionally certified classes "for settlement purposes only" under Rule 23(e). *See id.* (certifying a settlement class of Defendant's cheerleader employees).

Here, the parties request certification of the following settlement class:

9

> All persons within the United States who (1) were sent a text message; (2) by or on behalf of Defendant; (3) on their mobile telephone; (4) from June 14, 2015 through the date of final approval; (5) using the text messaging platform provided by Twilio to send text messages like the one Plaintiff received.

(Doc. 49 at 4; *see also* Doc. 49-1 at 11).

In evaluating the proposed settlement class, the Undersigned notes that, under Rule 23, all putative classes "must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." *Calderone v. Scott*, 838 F.3d 1101, 1104 (11th Cir. 2016) (quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009)). "Rule 23(a) requires every putative class to satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation." *Id.* Rule 23(b) specifies the types of class actions that may be maintained if rule 23(a) is satisfied. While the requirements of Rule 23(a) and 23(b) still apply to settlement classes, the Court may provisionally find, for settlement purposes only, that those requirements are met. *See Pierre-Val*, 2015 WL 3776918, at *2. The Undersigned addresses these requirements in turn below.

Before turning to the requirements of Rule 23(a), however, the Undersigned considers whether the class is adequately defined and ascertainable. The Eleventh Circuit has consistently concluded that "[a]n identifiable class exists if its members can be ascertained by reference to objective criteria" and the objective criteria is administratively feasible. *Bussey v. Macon Cty. Greyhound Park, Inc.*, 562 F. App'x

782, 787 (11th Cir. 2014) (quoting *Fogarazzo v. Lehman Bros.*, 263 F.R.D. 90, 97 (S.D.N.Y. 2009)); *see Karhu v. Vital Pharmacy Inc.*, 621 F. App'x 945, 947 (11th Cir. 2015) ("In order to establish ascertainability, the plaintiff must propose an administratively feasible method by which class members can be identified."). Additionally, class certification should be denied "where the class definitions are overly broad, amorph[o]us, and vague, or where the number of individualized determinations required to determine class membership becomes too administratively difficult." *Kirts v. Green Bullion Fin. Servs., LLC*, No. 10-20312-CIV, 2010 WL 3184382, at *6 (S.D. Fla. Aug. 3, 2010) (quoting *Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 269 (S.D. Fla. 2003)).

      The Undersigned finds that the class here is adequately defined and ascertainable. Although Plaintiff did not specifically address whether the class is ascertainable, the Undersigned finds he implicitly did so in discussing the notice program. (*See* Doc. 49 at 4-6). Specifically, notice will be sent using "Defendant's access to the names, telephone numbers, and expected email addresses of the individuals in the Settlement Class." (*Id.* at 5). If notice cannot be sent to the email or mailing address Defendant has, "the [Notice] Administrator will attempt to identify a better address for the Settlement Class Member through the National Change of Address database." (*Id.*). In light of this plan, the Undersigned finds that, preliminarily and for settlement purposes only, the class is adequately defined and ascertainable. *See Bussey*, 562 F. App'x at 787.

11

Turning now to the requirements of Rule 23(a), the Undersigned finds that, preliminarily and for settlement purposes only, Plaintiff satisfies the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).  Indeed, the Eleventh Circuit has held, in dicta, "while there is no fixed numerosity rule, 'generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors.'"  *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (citation omitted).  Here, the parties assert that "the Settlement Class consists of approximately 40,919 individuals," making joinder impracticable and well above the Eleventh Circuit's threshold.  (Doc. 49 at 17); *see also Cox*, 784 F.2d at 1553; *Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members).

Second, the Undersigned finds that, preliminarily and for settlement purposes only, Plaintiff satisfies commonality under Federal Rule of Civil Procedure 23(a)(2). Here, Plaintiff and the class members share common issues of fact and law, including whether Defendant sent a text message in violation of the TCPA, injuring the proposed class members in the same way.  *See Med. & Chiropractic Clinic, Inc. v. KMH Cardiology Centres Inc.*, No. 8:16-CV-644-T-23JSS, 2017 WL 2773932, at *4 (M.D. Fla. June 1, 2017), *report and recommendation adopted,* No. 8:16-CV-644-T-23JSS, 2017 WL 2731296 (M.D. Fla. June 26, 2017) (finding that common questions centered on whether the defendant's action violated the TCPA sufficient to satisfy the commonality requirement).

Third, the Undersigned finds that, preliminarily and for settlement purposes only, typicality is met under Federal Rule of Civil Procedure 23(a)(3). Plaintiff's claims are typical of the settlement class because they concern the same or similar alleged text message from Defendant, arise from the same legal theories, and allege the same types of harm and entitlement to relief. *See id.*

Finally, the Undersigned finds that, preliminarily and for settlement purposes only, adequacy of representation is satisfied under Federal Rule of Civil Procedure 23(a)(4). Here, there are no apparent conflicts of interest between Plaintiff and the settlement class. *See Pierre-Val*, 2015 WL 3776918, at *3. Additionally, Plaintiff's filings show that they have retained competent counsel to represent them and the settlement class. (*See* Doc. 49-2 6-11). Specifically, Plaintiff's counsel regularly engages in consumer protection litigation and other complex litigation similar to the present action. (*See id.*). At this stage, it appears that Plaintiff and his counsel have vigorously and competently represented the settlement class members' interests in the action and, therefore, meet the standard for adequacy of representation. (*See* Doc. 49 at 13-14); *see also Pierre-Val*, 2015 WL 3776918, at *3 (citations omitted).

In addition to the requirements of Rule 23(a), Plaintiff must also satisfy at least one of the requirements set forth in Rule 23(b). *Calderone*, 838 F.3d at 1104. Here, Plaintiff argues that Rule 23(b)(3) is satisfied for settlement purposes. (Doc. 49 at 18). After review, the Undersigned agrees and finds that, preliminarily and for settlement purposes only, the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for the

13

settlement class members in a single, coordinated proceeding is superior to individual lawsuits addressing the same legal and factual issues. *See Med. & Chiropractic Clinic, Inc.*, 2017 WL 2773932, at *4 (finding that the common questions predominated over individualized questions in a TCPA action).

Based on the foregoing and being otherwise fully informed, the Undersigned finds that, preliminarily and for settlement purposes only, the parties have satisfied the requirements of Fed. R. Civ. P. 23. The Undersigned, therefore, recommends that the settlement class be provisionally certified.

      **c.**      **Appointment of Class Counsel and Class Representatives**

Having recommended provisional certification of a settlement class, the Undersigned next addresses the appointment of class counsel and class representatives. *Holman*, 2009 WL 4015573, at *4.

Upon consideration of the factors set forth in Fed. R. Civ. P. 23(g)(1) and the filings, and based on the discussion above regarding adequacy of representation, the Undersigned recommends that Plaintiff Daryl Teblum be appointed as representatives of the settlement class. The Undersigned further recommends that Manuel S. Hiraldo of Hiraldo P.A., Ignacio J. Hiraldo of IJH Law, and Michael Eisenband of Eisenband Law, P.A. be appointed as class counsel for Plaintiff and the settlement class.

### d. Class Notice and Claims Process

Fed. R. Civ. P. 23(e)(1) provides that, before the Court may approve a settlement, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." To facilitate this requirement, Plaintiff provided the three proposed notices to the Court. (Doc. 49-1 at 41-42, 44-51, 66-68). Additionally, Plaintiff proposes that KCC LLC to serve as the Notice Administrator. (Doc. 49 at 4).

The Undersigned reviewed the proposed notice program and finds it deficient as presented. Specifically, Plaintiff states that the primary form of notice will be the email notice (Doc. 49-1 at 41-42) and if email addresses are unavailable or the email is undeliverable, a copy of the mail notice will be sent (Doc. 49-1 at 66-68). (Doc. 49 at 5). Notably, however, while the email notice and mail notice inform the member of his or her right to opt out, they do not clearly and concisely state how a class member does so as required by Fed. R. Civ. P. 23(c)(2)(B)(ii). (Doc. 49-1 at 41-42; 66-68). Rather, the notices direct the member to the long-form notice that will be available on the settlement website. (*Id*). The long-form notice clearly includes all the requisite information. (Doc. 49-1 at 44-51). Nevertheless, this Court recently rejected a proposed notice when the notice was defective and cured only by viewing the long form notice on the settlement website. *Parker v. Universal Pictures*, No. 6:16-CV-1193-ORL-41DCI, 2019 WL 1521708, at *11 (M.D. Fla. Feb. 28, 2019), *report and recommendation adopted,* No. 6:16-CV-1193-ORL-41DCI, 2019 WL 1518958 (M.D. Fla. Apr. 8, 2019). Indeed, in *Parker* this Court found that the notice was

defective because "the short-form notice [did] not clearly and concisely state that the Court will exclude from the class any member who requests exclusion, the manner by which an individual requests exclusion from the class, and the binding effect of a class judgment on the members." *Id.* The Court, therefore, required that the parties "submit a revised short-form notice that complies with the requirements of Rule 23(c)(2)(B)." *Id.*

Although the Undersigned finds that the notice here is only deficient in that it fails to inform class members of how they can opt-out, the Undersigned, nonetheless, finds that the deficiency violates Fed. R. Civ. P. 23(c)(2)(B)(ii). Accordingly, the Undersigned recommends that the parties be required to submit a revised short form notice that cures the deficiency noted above within fourteen (14) days of the presiding United States District Judge's Order on this Report and Recommendation. *See Parker*, 2019 WL 1521708, at *11.

As to the manner in which the class members are to be informed, (*see* Doc. 49 at 4-6; Doc. 49-1 at 15-17), the Undersigned finds it to be "reasonably calculated to apprise the members of the action and settlement," how to file claims, and how to opt-out and, therefore, recommends that it be approved, *see Parker*, 2019 WL 1521708, at *11. Additionally, the Undersigned recommends that KCC LLC be appointed to serve as the Notice Administrator. (Doc. 49 at 4).

    **e.**    **Fairness Hearing**

As stated above, final approval of class actions is a two-step process that includes (1) preliminary approval and (2) a subsequent fairness hearing. *See Holman*,

2009 WL 4015573, at *4.  The parties have adequately demonstrated that their settlement should be preliminarily approved provided that the parties submit amended notices.  Thus, if the presiding District Judge adopts this Report and Recommendation, then the Court will need to set a final approval and fairness hearing.  To facilitate the final resolution of this case, if the presiding District Judge adopts this Report and Recommendation, then the Undersigned recommends that a fairness hearing be set approximately 120 days after the entry of any Order granting Plaintiff's motion and that the presiding District Judge also adopt the deadlines proposed by Plaintiff concerning notice, opt-outs, objections, final approval, and claims.  (*See* Doc. 49 at 19-20; Doc. 49-3).

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 49) be **GRANTED IN PART** and **DENIED IN PART** consistent with the foregoing and below.

2. The parties be required to submit a revised short form notice that cures the deficiency noted above within fourteen (14) days of the presiding United States District Judge's Order on this Report and Recommendation.

3. The presiding District Judge adopt the deadlines proposed by Plaintiff concerning notice, opt-outs, objections, final approval, and claims (*see*

17

Doc. 49 at 19-20; Doc. 49-3) and that the final approval and fairness hearing be set approximately 120 days after the presiding United States District Judge's Order on this Report and Recommendation.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on January 20, 2021.

_____
Mac R. McCoy
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties