UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARYL TEBLUM, individually and
on behalf of all others similarly
situated,

    Plaintiff,

v.                                                         Case No.:  2:19-cv-403-MRM

PHYSICIAN COMPASSIONATE
CARE LLC,

    Defendant.
_____/

## ORDER

Pending before the Court is the Unopposed Motion for Final Approval of Class Settlement and Application for Service Award and Attorneys' Fees, filed on May 14, 2021.  (Doc. 67).[1]  For the reasons below, the Unopposed Motion for Final Approval of Class Settlement and Application for Service Award and Attorneys' Fees (Doc. 67) is **DENIED WITHOUT PREJUDICE**.

I.    **Background**

On June 14, 2019, Plaintiff Daryl Teblum brought a class action suit under Federal Rule of Civil Procedure 23 on behalf of himself and all others similarly situated for alleged violations of the Telephone Consumer Protection Act ("TCPA"),

---

[1] The parties consented to proceeding before a United States Magistrate Judge for all purposes.  (*See* Docs. 64, 65).

47 U.S.C. § 227 *et seq*. (*See* Doc. 1). Defendant Physician Compassionate Care LLC, doing business as DocMJ, filed an Answer, denying all liability, on July 30, 2019, (Doc. 18), and Defendant's Motion for Judgment on the Pleadings on September 17, 2019, (Doc. 24). With leave of the Court, (Doc. 37), Plaintiff filed a First Amended Complaint on March 26, 2020, (Doc. 38).

Plaintiff's First Amended Complaint alleges that Defendant caused an automated text message to be sent to Plaintiff's and other individuals' cellular telephones to promote Defendant's business, goods, and services. (*Id.* at 4-5). Plaintiff alleges that Defendant used an automated telephone dialing system ("ATDS") without express written consent and while Plaintiff was listed on the National Do Not Call Registry. (*Id.* at 6-8). Ultimately, Plaintiff alleges that Defendant's behavior violated the TCPA. (*Id.* at 12). Defendant filed a motion to dismiss the First Amended Complaint on April 9, 2020. (*See* Doc. 40).

On June 5, 2020, Plaintiff and proposed class counsel filed an unopposed motion for preliminary approval of their proposed Settlement Agreement, which, if approved, would resolve all claims against Defendant. (*See* Doc. 49). On February 4, 2021, the Court granted in part and denied in part Plaintiff's motion. (*See* Doc. 54; *see also* Doc. 53). Specifically, the Court granted the motion but required the parties to submit a revised short form notice that cured the deficiency identified. (Doc. 54 at 2; *see* Doc. 53 at 15-16).

On February 8, 2021, the parties filed their revised short form notice, (*see* Doc. 55), and the Court approved the revised notice on February 11, 2021, (*see* Doc. 56).

The parties consented to proceed before the assigned United States Magistrate Judge on May 12, 2021, (Doc. 64), and the then-presiding United States District Judge approved the consent the next day, (Doc. 65).

On May 14, 2021, the parties filed the motion *sub judice*, requesting that the Court:  (1) grant final approval of the settlement; (2) certify the settlement class for settlement purposes; (3) appoint Plaintiff as class representative; (4) appoint Manuel S. Hiraldo of Hiraldo PA, Ignacio J. Hiraldo of IJH Law, and Michael Eisenband of Eisenband Law PA as class counsel; (5) deny Plaintiff's request for a Service Award without prejudice and retain jurisdiction to consider the request at a later date; (6) award class counsel attorney's fees; and (7) enter final judgment, dismissing the action with prejudice.  (*See* Doc. 67 at 3).

The Court conducted an in-person fairness hearing on June 14, 2021.  (*See* Doc. 70 at 1-47).  As of the date of the fairness hearing, no class member had submitted a written objection, and none appeared at the hearing to address his or her objections to the settlement.  (*See id*. at 3-4, 25).

Following the fairness hearing and for the reasons explained below, the Court denies the motion *sub judice* (Doc. 67) without prejudice.

## II.  Discussion

### a.  Notice to Class Members of the Settlement Agreement

Federal Rule of Civil Procedure 23 governs class notice requirements. Before approving a class action settlement, a district court must ensure that "notice [was given] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). Specifically, class members must receive "information reasonably necessary to make a decision [as to whether] to remain a class member and be bound by the final judgment or opt out of the action." *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011) (alterations in original) (quoting *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1104-05 (5th Cir. 1977)). In an action certified under Rule 23(b)(3), "class members should receive 'the best notice that is practicable under the circumstances.'" *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 691 (S.D. Fla. 2014) (quoting Fed. R. Civ. P. 23(c)(2)(B)).

Plaintiff states that the notice program consisted of three components: (1) email notice; (2) mail notice; and (3) website notice. (Doc. 67 at 6; *see also* Doc. 67-2 at 15-16). Plaintiff states that notice was "timely and properly accomplished." (Doc. 67 at 6 (citing Doc. 67-3 at ¶¶ 9-10)).

The Court disagrees. The notice approved by the Court at the preliminary stage was comprised of three separate notices: (1) mail notice; (2) email notice; and (3) website notice. (*See* Doc. 53 at 15 (citing Doc. 49-1 at 41-42, 44-51, 66-68)). The

primary form of notice was to be email notice. (*See id.* (citing Doc. 49 at 5)). When reviewing the notices at the preliminary approval stage, the Court implicitly found that the notices, as later revised, provided class members the requisite information while simultaneously not being too detailed such that it risked confusion. (*See* Doc. 53 at 15-16); *see also Faught*, 668 F.3d at 1239 (alterations in original) (quoting *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d at 1104). In so doing, the Court thoroughly scrutinized the notices and even required subsequent revisions when the Court found the proposed notices deficient. (*See* Doc. 53 at 15-16, 17; Doc. 54; Docs. 55-56).

The Court's decision to approve the notices was informed by several factors. First, the Court considered the notices themselves, including language informing the class members that the Settlement Agreement would be posted on the website. (*See* Doc. 49-1 at 44 n.1, 46, 48, 51). Second, the representations made in the motion for preliminary approval clarified that "[t]he Settlement Website will include an online portal to file Claim Forms, hyperlinks to the Settlement, the Long-Form Notice, the Preliminary Approval Order, and other such documents as Class Counsel and counsel for Defendant agree to post or that the Court orders be posted on the Settlement Website. These documents will remain on the Settlement Website at least until Final Approval." (*See* Doc. 49 at 6 (citation omitted)). Third, the Settlement Agreement itself required that the website "provide[] access to relevant documents concerning the Action," including "th[e Settlement] Agreement and Class Notice; the Long-Form Notice, the Preliminary Approval Order; the

5

Complaint; and, when filed, the Final Approval Order." (*See* Doc. 49-1 at 16-17). Although the Court did not articulate each of these bases for finding that the notice was adequate, (*see* Doc. 53 at 15-16), each was a part of the record before the Court and thus considered by the Court at the preliminary approval stage.

While it appears that the Settlement Administrator efficiently and effectively sent the approved notices to class members, (*see* Doc. 67 at 6-8 (citing Doc. 67-3 at ¶¶ 5-14)), class counsel and the Settlement Administrator failed to properly maintain the settlement website, as required, *see* Teblum v. Physician Compassionate Care LLC d/b/a DocMJ Settlement Administrator, http://www.physiciancompassionatecaretcpasettlement.com (last visited 1/24/2022). In particular, class counsel and the Settlement Administrator failed to post virtually any relevant case documents, *including the Settlement Agreement*, on the settlement website. *See Case Documents*, Teblum v. Physician Compassionate Care LLC d/b/a DocMJ Settlement Administrator, http://www.physiciancompassionatecaretcpasettlement.com/case-documents.aspx (last visited 1/24/2022). Most notably absent from the website are the following critical documents: (1) the operative pleadings, including Plaintiff's First Amended Complaint; (2) the Court's Report and Recommendation and subsequent Order on the motion for preliminary approval; (3) Plaintiff's unopposed motion for final approval and for attorney's fees; and (4) the Settlement Agreement. *See id.*; (*see also* Doc. 67-3 at 23 n.1, 25, 26, 27). Instead, the website contains only: (1) the website notice, (2) the claim form, and (3) the Court's Order approving the revised email and

6

mail notices, incorrectly labeled as the "Preliminary Approval Order." *Case Documents*, Teblum v. Physician Compassionate Care LLC d/b/a DocMJ Settlement Administrator, http://www.physiciancompassionatecaretcpasettlement.com/case-documents.aspx (last visited 1/24/2022).

In light of the failure to post these relevant and critical documents on the website, the Court cannot find that the class members were provided "notice in a reasonable manner," *see* Fed. R. Civ. P. 23(e)(1)(B), or in the best practicable manner, *see Saccoccio*, 297 F.R.D. at 691; *see also De Leon v. Bank of Am., N.A. (USA)*, No. 6:09-cv-1251-Orl-28, 2012 WL 2568142, at *18 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted,* No. 6:09-cv-1251-Orl-28, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (finding a notice inadequate when it did not inform the class members how to obtain or review the settlement agreement). This finding is self-evident upon review of the website notice: "This Notice *summarizes* the proposed Settlement. You are urged to review more details in the Settlement Agreement. For a complete, definitive statement of the Settlement terms, refer to the Settlement Agreement at www.PhysicianCompassionateCareTCPAsettlement.com." (Doc. 67-3 at 28 (emphasis added)). While the website notice encourages visitors to review the settlement terms by reviewing the Settlement Agreement on the website, the Agreement is not available there. *See Case Documents*, Teblum v. Physician Compassionate Care LLC d/b/a DocMJ Settlement Administrator, http://www.physiciancompassionatecaretcpasettlement.com/case-documents.aspx (last visited 1/24/2022).

7

The Court's finding that notice was inadequate as a result of these omissions is further bolstered by the fact that the website notice expressly states that "[c]apitalized terms herein have the same meanings as those defined in the Settlement Agreement, a copy of which may be found online at the Settlement Website." (*See* Doc. 67-3 at 23 n.1). Thus, even if a class member were to review the website notice – which provides more information than the other notices – he or she cannot be fully informed of the material terms of the Settlement Agreement because the notice does not itself define the capitalized terms. *See De Leon*, 2012 WL 2568142, at *18 ("Even those individuals and entities who receive the proposed revised long-form notice . . . will not be fully informed . . . because these documents use terms defined in the Settlement Agreement without disclosing the definition of those terms.").

Likewise, the email notice and the mail notice both encourage class members to visit the website for more information. (*See* Doc. 67-3 at 18, 21). While the Court acknowledges that the mail and email notices do not explicitly list the information that can be obtained, the Court, and presumably class members, reasonably assumed that, at a bare minimum, the Settlement Agreement itself would be viewable on the website.

While the Court acknowledges that a class member could have emailed or mailed the Settlement Administrator to request a copy of the Settlement Agreement, the Court finds that this would not constitute the best practicable notice under the circumstances. *See Saccoccio*, 297 F.R.D. at 691. Instead, the best practicable notice

8

would have at least provided the class members with access to the documents explicitly listed. (*See* Doc. 67-3 at 23 n.1, 25, 26, 27).

Likewise, although the notices comply with Fed. R. Civ. P. 23(b)(3), in that they contain the requisite information to inform the class members about the settlement without running the risk of confusing them, the notices do not – by themselves – necessarily provide the class member with enough information "to make a decision [as to whether] to remain a class member and be bound by the final judgment or opt out of the action." *Faught*, 668 F.3d at 1239 (alterations in original). Rather, the notices provide sufficient information to allow a class member to make a decision as to whether to (1) file a claim; (2) exclude himself or herself from the settlement; or (3) find more information to inform his or her decision. (*See* Doc. 67-3 at 17-28). To do so, the notices summarize the most pertinent details of the settlement and how to exclude oneself and point class members to where they may find more information. *See Faught*, 668 F.3d at 1239 (alterations in original); *see also* (Doc. 67-3 at 28 ("This Notice summarizes the proposed Settlement. . . . For a complete, definitive statement of the Settlement terms, refer to the Settlement Agreement at [the settlement website].")). Unfortunately, the more detailed information is not available at the specified location. *See Case Documents*, Teblum v. Physician Compassionate Care LLC d/b/a DocMJ Settlement Administrator, http://www.physiciancompassionatecaretcpasettlement.com/case-documents.aspx (last visited 1/24/2022).

To show the potential prejudice of the failure to post the Settlement Agreement, the Court considers the release language of the Settlement Agreement, which releases non-parties along with the named Defendant. (*See* Doc. 67-2 at 9). None of the notices included information as to what entities are released by the settlement. (*See* Doc. 67-3 at 17-28). Neither does the website itself. *See Frequently Asked Questions*, Teblum v. Physician Compassionate Care LLC d/b/a DocMJ Settlement Administrator, http://www.physiciancompassionatecaretcpasettlement.com/frequently-asked-questions.aspx (last visited 1/24/2022). Thus, a class member runs the risk of releasing another party without having been informed – consistent with due process – that the party is included in the scope of the release as defined by the Settlement Agreement. (*See* Doc. 67-2 at 9). Likewise, this issue infringes on each class member's right to object to the settlement. *See* Fed. R. Civ. P. 23(e)(5). Given the materiality of the term, it is conceivable that had a class member been aware of the broad nature of the release language, he or she may have objected on that basis. *C.f. Greco v. Ginn Dev. Co., LLC*, 635 F. App'x 628, 634 (11th Cir. 2015) (finding the notice to the class members adequate despite that it did not include the scope of the release because "all material facts were available to class members because a full copy of the settlement agreement . . . [was] available on a website referenced in the Notice").

Ultimately, despite that the mail and email notices pointed class members to the website, (*see* Doc. 67-3 at 18, 21), and both the Frequently Asked Questions page

of the website and website notice urged class members to review the Settlement Agreement *on the website*, (*see* Doc. 67-3 at 23 n.1, 26, 27); *Frequently Asked Questions*, Teblum v. Physician Compassionate Care LLC d/b/a DocMJ Settlement Administrator http://www.physiciancompassionatecaretcpasettlement.com/frequently-asked-questions.aspx (last visited 1/24/2022), the Settlement Agreement is not available there. This alone warrants denial without prejudice because the Court cannot assure itself that the class members were given adequate notice of the settlement. *See* Fed. R. Civ. P. 23(e)(1)(B); *see also Faught*, 668 F.3d at 1239 (quotation omitted).

### b. Attorney's Fees

Class counsel also request attorney's fees, maintaining that they have conferred a benefit upon the class. (*See* Doc. 67 at 24-27 (citations omitted)).

Upon review, the Court finds this request is also due to be denied without prejudice based on class counsel's failure to provide the requisite notice to the class.

Federal Rule of Civil Procedure 23(h) governs motions for attorney's fees and expenses. The Rule provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). However, the Rule also requires that, if the motion for fees or expenses is made by class counsel, notice must be "directed to class members in a reasonable manner" and class members must be given an opportunity to object to the motion. Fed. R. Civ. P. 23(h)(1)-(2). The advisory committee's note clarifies that this Rule applies to "cases in which there is a

11

simultaneous proposal for class certification and settlement even though technically the class may not be certified unless the court approves the settlement pursuant to review under Rule 23(e)." Fed. R. Civ. P. 23(h) advisory committee's note to 2003 amendment.

Additionally, Eleventh Circuit precedent requires that class members be given an opportunity to object to the motion itself, not just the preliminary notice of the maximum counsel may seek. *See Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1251 (11th Cir. 2020).[2] In *Johnson v. NPAS Solutions, LLC*, the Eleventh Circuit addressed whether the district court erred in allowing class counsel to file a motion for attorney's fees after the objection period expired. *See* 975 F.3d at 1251. The class members in *Johnson* were informed of (1) the maximum amount of fees that class counsel would seek and (2) their right to object. *See id*. at 1250-51. However, class counsel was not required to file the motion until after the objection period expired. *See id*. at 1251. The Court ultimately held that Rule 23(h) requires that class members be afforded the opportunity to object to the motion itself, not merely the preliminary notice that such a motion will be filed. *See id.* at 1252-53. Thus, the

---

[2] Although the Eleventh Circuit has not yet issued the mandate in *Johnson*, the precedent must still be followed. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) ("[Even when] the mandate in [a particular case] has not yet issued, it is nonetheless the law in this circuit."); *see also* 11th Cir. R. 36, I.O.P. 2 ("Under the law of this circuit, published opinions are binding precedent."); *Morris v. US Foods, Inc.*, No. 8:20-cv-105-SDM-CPT, 2021 WL 2954741, at *10 (M.D. Fla. May 17, 2021), *report and recommendation adopted,* No. 8:20-cv-105-SDM-CPT, 2021 WL 6125575 (M.D. Fla. July 14, 2021) (recognizing that although the mandate in *Johnson* has not been issued, the Court applies it as binding precedent).

12

Eleventh Circuit concluded that the district court violated Rule 23(h) by allowing class counsel to file a motion for attorney's fees after the objection period expired. *See id.*

Here, as noted above, class counsel failed to post the motion on the website. *See Case Documents*, Teblum v. Physician Compassionate Care LLC d/b/a DocMJ Settlement Administrator, http://www.physiciancompassionatecaretcpasettlement.com/case-documents.aspx (last visited 1/24/2022). While the notices do not explicitly inform class members that the final approval motion will be posted, the Court expects this to be the type of "other case-related documents" that would be posted. (*See* Doc. 67-3). Such an expectation is reasonable given the binding Eleventh Circuit precedent requiring that class members be given an opportunity to object to the motion itself. *See Johnson*, 975 F.3d at 1252-53.

Further, although the motion itself was *filed* with the Court before the objection period expired, (*see* Doc. 67), the Court finds this insufficient under these circumstances. The notices provided to the class members direct them to the settlement website rather than to PACER or to the Court's docket. (*See, e.g.*, Doc. 67-3 at 18, 21, 25, 27). Because the motion was not made available to the class members on the website, the Court finds that the class members have not been given sufficient notice of the motion.

Accordingly, the Court finds that the request for attorney's fees, (Doc. 67 at 24-33), must be denied without prejudice. *See Johnson*, 975 F.3d at 1250-53.

13

      c.    **Notice and Administration Fees**

Although the Court denies the motion without prejudice on other grounds, the Court addresses an additional deficiency for the benefit of the parties. Specifically, the Court notes that the Settlement Agreement provides that the common fund will be used for "all Notice and Administration Costs." (Doc. 67-2 at 11). The term "Notice and Administration Costs" is defined as:

> the reasonable costs and expenses *authorized* by the Court and approved by Class Counsel and Counsel for Defendant of disseminating the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Administrator in administering the Settlement, including, but not limited to, costs and expenses associated with determining e-mail or mailing addresses for Settlement Class Members, assisting Settlement Class Members, processing claims, escrowing funds, and issuing and mailing Settlement Payments. Notice and Administrative Costs shall not exceed Fifty-Five Thousand Dollars and Zero Cents ($55,000.00).

(*Id.* at 8 (emphasis added)). Neither the motion *sub judice* nor the motion for preliminary approval specifically addressed the reasonableness of the Notice and Administration Costs, nor has class counsel requested that the Court authorize any specific amount. (*See* Docs. 49, 67). The Court acknowledges that settlement administrators are typically entitled to "reimbursement for fees, costs, and expenses incurred in connection with the administration of the settlement fund," subject to the approval of the Court. *See Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1357 (11th Cir. 2003) (internal quotation omitted).

Accordingly, either separately or as part of a renewed motion for final approval, class counsel may move for the authorization of the Notice and Administration Costs. Any such motion must include sufficient information for the Court to determine whether the fees are reasonable. *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1298 (11th Cir. 1999) (noting that when considering a request for an award of expenses, a court must determine whether class counsel has shown that the requested expenses are reasonable and necessary to the prosecution of the case).

### d.     Remaining Requested Relief

Because the Court denies the motion without prejudice, the Court need not address the remaining relief requested, including, but not limited to, certifying the settlement class for settlement purposes, approving the terms of the Settlement Agreement, appointing Plaintiff as class representative, appointing Manuel S. Hiraldo of Hiraldo PA, Ignacio J. Hiraldo of IJH Law, and Michael Eisenband of Eisenband Law PA as class counsel, and awarding Plaintiff's requested service award.

### III.   Further Proceedings

Given the disposition of the motion *sub judice*, the Court finds additional proceedings necessary.

If the parties intend to proceed with the previously preliminarily approved Settlement Agreement, Plaintiff and class counsel must file a motion for the Court to approve a renewed notice and objection procedure no later than March 14, 2022.

15

The motion and proposed notice must address whether class members who previously timely submitted claims are required to submit a new claims form. At the time the motion is filed, all relevant case-related documents must be posted on the settlement website, including, but not limited to: (1) the proposed Settlement Agreement; (2) Plaintiff's First Amended Complaint (Doc. 38); (3) Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 49); (4) the January 20, 2021 Report and Recommendation on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 53); (5) the February 4, 2021 Order on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 54); (6) the revised short form notice (Doc. 55); (7) the February 11, 2021 Order approving the revised short form notice (Doc. 56); (8) the May 13, 2021 Order approving consent to jurisdiction by US Magistrate Judge (Doc. 65); (9) the Unopposed Motion for Final Approval of Class Settlement and Application for Service Award and Attorneys' Fees (Doc. 67); (10) this Order; and (11) any newly filed motions and orders.

Once the Court approves the notice and objection procedure, Plaintiff and class counsel must implement the notice procedure – with the help of the Settlement Administrator, KCC Class Action Services LLC – and file the motion and post it on the settlement website by a date set by the Court. The deadline to file the motion and post it on the website must be no less than thirty (30) days before the post-mark deadline to file objections or requests for exclusion and no less than forty-five (45) days before a subsequent fairness hearing.

16

Additionally, if the parties elect to proceed under the current Settlement Agreement, the parties are **ORDERED** to post any new filings or Orders on the settlement website.

Alternatively, if the parties wish to revisit the terms of the settlement, the parties must jointly notify the Court of their intent to do so no later than March 14, 2022. If the parties proceed in this manner, the parties will need to seek preliminary approval of any amended settlement agreement, including requesting that the proposed notice be approved.

If the parties wish to litigate the merits of this action, they must (1) file a notice of their intent to do so and (2) move to amend the Case Management and Scheduling Order that includes proposed case management deadlines no later than March 14, 2022.

Given the procedural posture of this case, the Court will administratively close this case until the parties file either: (1) a motion for the Court to approve subsequent notice; (2) a notice of their intent to revisit the terms of the agreement; or (3) a notice of their intent to litigate the merits of this case.

## CONCLUSION

For these reasons, the Court **ORDERS** that:

1. The Unopposed Motion for Final Approval of Class Settlement and Application for Service Award and Attorneys' Fees (Doc. 67) is **DENIED WITHOUT PREJDUICE**.

17

2. If the parties wish to proceed under the term so the current Settlement Agreement, Plaintiff and class counsel must file a renewed proposed notice and objection procedure for the Court's review no later than **March 14, 2022**.

3. If the parties wish to revisit the terms of their Settlement Agreement, the parties must jointly notify the Court of their intent to do so no later than **March 14, 2022**.

4. If the parties wish to litigate the merits of this action, they must (1) file a notice of their intent to do so and (2) move to amend the Case Management and Scheduling Order that includes proposed case management deadlines no later than **March 14, 2022**.

5. The Clerk of Court is **DIRECTED** to administratively close the file until such time that the parties file either: (1) a motion for the Court to approve subsequent notice; (2) a notice of their intent to revisit the terms of the agreement; or (3) a notice of their intent to litigate the merits of this case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 24, 2022.

_____
Mac R. McCoy
United States Magistrate Judge

18

Copies furnished to:

Counsel of Record
Unrepresented Parties